IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN T. BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 94-341-GMS |
| ) | |
| DAVID PIERCE, Warden, et. al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

**I. INTRODUCTION**

In 1987, Brooks was found guilty of first degree murder, first degree robbery, attempted first degree robbery, second degree kidnapping, two counts of second degree conspiracy, and possession of a deadly weapon during the commission of a felony. The Delaware Supreme Court affirmed Brooks' convictions on direct appeal. *See Skinner v. State*, 575 A.2d 1108 (Del. 1990).

On June 21, 1994, Brooks filed his first federal habeas petition challenging his 1987 convictions. The Honorable Joseph J. Longobardi denied the first petition as procedurally barred in 1997, and then denied Brooks' motion for reconsideration. (D.I. 24; D.I. 26) The Third Circuit Court of Appeals affirmed the denial of Brooks' habeas petition. (D.I. 28)

In 2009, Brooks filed an application in the Third Circuit Court of Appeals for permission to file a second or successive habeas petition. The Third Circuit denied his request. *See In re Alan T. Brooks*, Civ. Act. No. 09-1360, Order (3d Cir. Apr. 22, 2009). Nevertheless, Brooks filed a second federal habeas petition on July 12, 2010, which the Honorable Sue L. Robinson denied as second or successive on February 14, 2011. *See Brooks v. Phelps*, Civ. A. No. 10-594-SLR.

In March 2013, citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), Brooks filed another application in the Third Circuit seeking permission to file a second or successive habeas petition. *See In re: Alan T. Brooks*, C.A. No. 13-1613 (3d Cir. 2013). After explaining that *Martinez* did not establish a new rule of constitutional law retroactively applicable to cases on collateral review, the Third Circuit denied the application. *See In re: Alan T. Brooks*, C.A. No. 13-1613, Order, Fisher, J. (3d Cir. Mar. 26, 2013). Thereafter, Brooks' filed the instant Rule 60(b)(6) motion to reopen his habeas petition that was dismissed in 1997. (D.I. 32) The State filed a response in opposition. (D.I. 34)

## II.  STANDARD OF REVIEW

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). However, a motion for reconsideration and/or to reopen is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion to reopen after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion

> attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## III. DISCUSSION

Brooks filed his motion to reopen pursuant to Rule 60(b)(6), which is generally referred to as a catch-all provision because it permits a court to grant the motion for "any other reason that justifies relief" from the judgment. Fed. R. Civ. P. 60(b)(6). Brooks contends that the recent Supreme Court decision, *Martinez v. Ryan*, provides a proper basis for reopening the 1997 judgment denying his ineffective assistance of counsel claims as procedurally barred. In *Martinez*, the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Martinez*, 132 S.Ct. at 1320. After noting that he was not represented by counsel in his collateral proceeding in the Delaware Superior Court, and apparently interpreting *Martinez* as also establishing a new constitutional right to counsel in an initial collateral proceeding, Brooks argues that he has that satisfied Rule 60(b)(6)'s standard and is entitled to a merits review of his procedurally barred ineffective assistance of counsel claims.

As an initial matter, the court finds that the instant motion is a "true" Rule 60(b) motion, because it attacks the integrity of the federal habeas proceeding leading to the 1997 denial of Brooks' habeas petition as procedurally barred. Nevertheless, Brooks' argument is unavailing. The circuit courts considering the impact of *Martinez* on Rule 60(b) motions have consistently held that *Martinez* does not constitute "extraordinary circumstances" justifying relief under Rule 60(b), because *Martinez* created a narrow equitable exception to the procedural default doctrine rather than a new rule of constitutional law. *See Stroll v. Johnson*, 2013 WL 6074160, at *1 (3d Cir. June 11, 2013)(in the context of a Rule 60(b) motion); *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012)(in the context of a Rule 60(b) motion); *see also Pagan-San Miquel v. United States*, 736 F.3d 44 (1st Cir. 2013)(holding that *Martinez* did not announce a new rule of constitutional law permitting a petitioner to avoid the gate-keeping bar to second or successive habeas petitions); *Jones v. Ryan*, 733 F.3d 825 (9th Cir. 2013)(in the context of a second or successive petition). Accordingly, the court will deny Brooks Rule 60(b)(6) motion to reopen.

## IV. CONCLUSION

For the aforementioned reasons, the court will deny the instant Rule 60(b) motion. In addition, the court will not issue a certificate of appealability, because Brooks has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Dec 17, 2013
DATE

CHIEF, UNITED STATES DISTRICT JUDGE