IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN T. BROOKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 94-341-GMS |
| | ) |
| DAVID PIERCE, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

## **M E M O R A N D U M**

### I.    INTRODUCTION

In December 2013, the court denied petitioner Alan T. Brooks' Rule 60(b) motion to

reopen his habeas petition that was dismissed in 1997.  Specifically, the court concluded that the

recent United States Supreme Court decision *Martinez v. Ryan*, 132 S.Ct. 1309 (2012),  did not

"constitute "extraordinary circumstances" justifying relief under Rule 60(b), because *Martinez*

created a narrow equitable exception to the procedural default doctrine rather than a new rule of

constitutional law." (D.I. 38 at 4)  Presently pending before the court is Brooks' motion to alter

or amend that judgment filed pursuant to Federal Rule of Civil Procedure 59(e).  (D.I. 40)

### II.    STANDARD OF REVIEW

Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it

is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

*Fiorelli*, 337 F.3d at 288.  The moving party must show one of the following in order to prevail

on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of

new evidence that was not available when the court issued its order; or (3) the need to correct a

clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*,

176 F.3d 669, 677 (3d Cir. 1999).  A motion for reargument and/or reconsideration is not appropriate to reargue issues that the court has already considered and decided.  *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III.   DISCUSSION

Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  The court denied Brooks' Rule 60(b) motion on December 17, 2013 (D.I. 38; D.I. 39), and the instant motion was filed on January 6, 2014.  (D.I. 40)  Consequently, the instant motion is timely.

Nevertheless, Brooks' motion fails to warrant relief.  Brooks contends that the court erroneously concluded that *Martinez* does not constitute an extraordinary circumstance for Rule 60(b).  However, Brooks' instant argument does not warrant reconsideration of the court's decision, because it merely asserts his disagreement with the court's conclusion, and attempts to reargue an issue already decided.  Accordingly, the court will deny Brooks' Rule 59(e) motion.

## IV.   CONCLUSION

For the foregoing reasons, the court will deny Brooks' Rule 59(e) motion.  In addition, the court will not issue a certificate of appealability, because Brooks has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir.  1997); 3d Cir. LAR 22.2 (2011).  A separate order will be entered.

July 31, 2014
_____
DATE

_____
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALAN T. BROOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 94-341-GMS |
| | ) | |
| DAVID PIERCE, Warden, et. al., | ) | |
| | ) | |
| Respondents. | ) | |

## O R D E R

At Wilmington this ___31st___ day of _____, 2014;

For the reasons set forth in the Memorandum issued this date, **IT IS HEREBY**

**ORDERED** that:

1. Petitioner Alan T. Brooks' Rule 59(e) motion to alter or amend judgment is

**DENIED**.  (D.I. 40)

2. The court declines to issue a certificate of appealability.

UNITED STATES DISTRICT JUDGE